IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARILYN LOIS TREVINO,

    Petitioner,

  vs.

SISKIYOU COUNTY SUPERIOR COURT, et al.,

    Respondents.

                              /

No. CIV S-07-1700-LKK-CMK-P

FINDINGS AND RECOMMENDATIONS

       Petitioner, who is proceedings pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 11).

       In their motion, respondents argue, among other things, that petitioner fails to state any claim cognizable under § 2254.  They are correct.  While it is not clear, petitioner appears to be challenging various pre-trial orders issued by the state court in the context of a criminal prosecution.  Specifically, she complains about orders denying her request to represent herself and/or orders relating to her competency.  At the time petitioner filed the instant petition, the underlying criminal prosecution was ongoing and had not resulted in a conviction or

sentence.[1]  Thus, it is clear that petitioner's claims do not relate to the fact or duration of her confinement and, for this reason, cannot be considered in the context of a federal habeas petition under § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that § 2254 is the exclusive vehicle for state prisoners to challenge the fact or duration of their confinement).

To the extent petitioner challenges state court orders leading to her pre-trial confinement, any such claims appear to now be moot in light of petitioner's criminal conviction and sentence.  In addition, and as respondents note, there is no indication that petitioner exhausted state court remedies with respect to any claims relating to pre-trial confinement.  See Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980) (requiring exhaustion in a § 2241 case).

Based on the foregoing, the undersigned recommends that respondents' motion to dismiss (Doc. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2008

　　　　　　　　　　　　　　　/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] Respondents state that, after the petition was filed, petitioner was convicted and sentenced.

2